UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE CAPITAL TITLE & ABSTRACT, COMPANY, | Civil Action No.: 08-3619 (FLW) |
| Plaintiff, | |
| v. | |
| PAPPAS BUSINESS SERVICES, et al., | OPINION AND ORDER DENYING MOTION FOR LEAVE TO FILE THE THIRD OR FOURTH AMENDED COMPLAINT |
| Defendants. | |

# I. Procedural History

On June 6, 2008, Plaintiff State Capital Title & Abstract Company ("State Capital" or "Plaintiff") filed its initial Complaint in the Superior Court of New Jersey, Mercer County, against Pappas Business Services, LLC, a New Jersey Limited Liability Company ("NJ PBS"), Pappas Business Services, LLC, a North Carolina Limited Liability Company ("NC PBS"), Gary Pappas, Mary Pappas, and John Does 1-100, alleging breach of contract, breach of the duty of loyalty, breach of the covenant of good faith and dealing, common law fraud, and violations of the New Jersey Consumer Fraud Act, as well as a request for the Court to pierce NC PBS's corporate veil. On July 18, 2008, NC PBS, Gary Pappas and Mary Pappas (collectively "Defendants") removed the action to this Court and subsequently filed a motion to dismiss the breach of duty of loyalty,

1

common law fraud, New Jersey Consumer Fraud Act, and corporate veil claims. [Docket Entry No. 4].

On December 11, 2008, Plaintiff filed its first motion for leave to Amend the Complaint, re-alleging the six original claims as well as a fraud in the inducement claim [Docket Entry No. 8], which Defendants opposed. On December 28, 2008, Plaintiff filed a Reply and a proposed Second Amended Complaint. [Docket Entry No. 10]. On January 15, 2009, the Court, ruling on Defendants' Motion to Dismiss Plaintiff's proposed First Amended Complaint, dismissed the breach of duty, common law fraud, violations of the New Jersey Consumer Fraud Act, and piercing the corporate veil claims.[1] [Docket Entry No. 12]. In addition, the Court granted Plaintiff leave to file the Second Amended Complaint, adding a fraud in the inducement claim.

On January 20, 2009, Plaintiff filed a second motion to Amend the Complaint, along with a proposed Third Amended Complaint [Docket Entry No. 14], in which Plaintiff revised its claim to pierce the corporate veil. Defendants opposed the motion. On February 9, 2009, Plaintiff filed its Reply and a proposed Fourth Amended Complaint. [Docket Entry No. 18]. On February 20, 2009, Defendants filed a Sur-Reply Brief, arguing that Plaintiff's repeated efforts to cure the deficiencies in Count Four, which seeks to pierce the corporate veil of NC PBS, were unavailing and that the motion should be denied.

---

[1] Pursuant to Fed. Civ. P. 15(a), the Court, in its Opinion, considered Plaintiff's proposed First Amended Complaint in deciding Defendants' motion, and observed that "[e]xcept for the addition of a fraud in the inducement claim and factual allegations to substantiate the additional claim, Plaintiff's [proposed] second Amended Complaint remain[ed] virtually the same as its original Complaint and first proposed Amended Complaint." State Capital Title and Abstract Company v. Pappas Business Services, No. 08-3619, 2009 WL 114160 at *1-2 n.1 (D.N.J. Jan. 13, 2009).

## II. Standard of Review

A party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." Fed. Civ. R. 15(a). "After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but leave shall be freely given when justice so requires." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (internal quotation omitted). "Nonetheless, a court may deny a plaintiff a leave to amend for a variety of reasons, including undue delay, bad faith, dilatory motive, prejudice and futility." State Capital Title and Abstract Company v. Pappas Business Services, No. 08-3619, 2009 WL 114160 at *14 (D.N.J. Jan. 13, 2009), citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

An amended complaint that fails to state a claim in which relief can be granted is "futile." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434; Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice, ¶ 15.08[4], at 15-80 (2d ed.1993)). The standards for denying a futile amended complaint and granting a motion to dismiss under Fed. Civ. R. 12(b)(6) are identical. In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434; 3 Moore's, ¶ 15.08[4], at 15-81. Therefore, an amended complaint is futile if the allegations contained therein fail to rise above a speculative level. *See* Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 127 S.Ct. 1955, 1965 (2007).

## III. Legal Analysis

The Court previously ruled that the allegations set forth in Plaintiff's proposed First Amended Complaint failed to state a claim for piercing the corporate veil of NC PBS.[2] Accordingly, the issue presented is whether the revisions contained in the proposed Fourth Amended Complaint cure the deficiencies found by the Court in its January 13, 2009 Opinion. This Court has conducted a line-by-line analysis of Plaintiff's proposed First Amended Complaint and its proposed Fourth Amended Complaint, in order to determine exactly what changes were made, and whether those changes are sufficient to state a claim. If they are not, the proposed Amendment would be futile.

Based upon the juxtaposition of the two pleadings, the proposed Fourth Amended Complaint adds conclusory statements that essentially mirror the standard for piercing the corporate veil, as articulated in the Court's previous opinion. The proposed Amendment adds nothing by way of factual background beyond the conclusory language set out in the case law. Although the Court must view an amended complaint's factual allegations as true, "it is not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions as factual allegations." Pathfinder Management, Inc. v. Maybe Pharma PTY, et al., No. 06-2204, 2008 WL 3192563 (D.N.J. Aug. 5, 2008); Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007) (internal quotation omitted). Plaintiff has once again failed to meet its burden in pleading

---

[2] As noted in Footnote 1, supra, the proposed Second Amended Complaint does not add facts relevant to Count Four, and the District Court therefore conducted its analysis of the Motion to Dismiss based on the allegations of the First Amended Complaint.

facts sufficient to persuade the Court that the proposed Fourth Amended Complaint states a claim to pierce the corporate veil of NC PBS.

**IT IS** on this **1st** day of **June, 2009**,

**ORDERED** that Plaintiff's motion for leave to file the proposed Third or Fourth Amended Complaint be and it hereby is **DENIED WITHOUT PREJUDICE.**

/s/ Lois H. Goodman
**LOIS H. GOODMAN,**
**United States Magistrate Judge**